IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LORI CRABTREE,

    Plaintiff,

v.                                                                                   CIV 13-0411 KBM/RHS

JEFFERY MANTEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses (*Doc. 37*), filed March 6, 2014. The Court, having considered the motion, briefs, evidence, arguments, relevant law, and otherwise being fully advised, finds that Plaintiff's Motion for Partial Summary Judgment is well taken in part and will be granted in part.

    This matter arises from a motor vehicle accident in Denver, Colorado on December 6, 2010, in which Defendant, who was driving his rental car from the airport, ran a red light and crashed into the rental car shuttle in which Plaintiff was riding. Defendant alleges that he suffered a sudden diabetic black-out at the time of the accident. Plaintiff alleges that as a result of the accident she suffered permanent injuries, pain and suffering, emotional distress, loss of household services, medical bills, and lost wages.

    In her Motion for Partial Summary Judgment, Plaintiff asserts that Defendant has failed to provide any facts to support three of his "Additional Defenses." *Doc. 37*.

These "Additional Defenses," which Defendant refers to as "affirmative defenses," include: 1) negligence of other persons or entitles other than Defendant; 2) the failure of Plaintiff to mitigate her damages; and 3) the accident was caused by unforeseen circumstances not within Defendant's control. *See id.* Plaintiff contends that there is no genuine issue of material fact with respect to these defenses and that she is therefore entitled to judgment as a matter of law on each defense. *Id.* at 2.

"One of the principal purposes" of summary judgment under Federal Rule of Civil Procedure 56 "is to isolate and dispose of factually unsupported claims or defenses." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Indeed, a moving party is entitled to judgment as a matter of law if the non-moving party fails to make a factual showing sufficient to establish the existence of an element essential to that party's case. *See id.*

In his Response to Plaintiff's Motion for Partial Summary Judgment, Defendant "stipulates to withdrawing his first affirmative defense dealing with fault or comparative fault of Plaintiff or non-parties related to the accident." Doc. 41 at 2-3. As a result, Plaintiff is entitled to summary judgment on this affirmative defense.

With respect to Defendant's second affirmative defense – the failure of Plaintiff to mitigate her damages – Plaintiff maintains that there is no "basis in fact" for this defense. *Id.* at 3. Defendant relies on a January 5, 2012 medical record from the Chiropractic Arts Clinic, in which Plaintiff described herself as "relatively free of all pain and discomfort with the exception of occasional pain and stiffness in her neck, upper back and right wrist." Doc. 41, Ex. A. Additionally, Defendant submits another medical record, indicating that some of Plaintiff's medical issues may have been preexisting at

the time of the subject accident and not related to or caused by the accident. *See id.*, Ex. B.  Finally, Defendant submits Plaintiff's deposition testimony in which she testifies that she believed that her workers compensation case may have been closed because she was unable to contact anyone at the phone number. *Doc. 41*, Ex. 3 at 33:20-22. Defendant submits that "[i]t is unknown what Plaintiff did to mitigate her damages, including pain and suffering, by waiting on Workers' Compensation to direct her care or by waiting for care and not helping herself to investigate the issue." *Doc. 41* at 3.

As Plaintiff notes, the deposition testimony submitted by Defendant also includes Plaintiff's testimony that she previously called the workers compensation company and got her case reopened, because she felt she needed additional treatment. *Doc. 41*, Ex. C, at 34:16-25, 35:1.  Additionally, Plaintiff testified that she sought medical care for her shoulder and wrists three months prior to her deposition, which was paid by worker's compensation.  *Id.* at 35:1-11

It is not clear to the Court what significance Defendant attributes to the facts submitted in support of his second affirmative defense.  While the medical reports may raise questions as to whether the accident caused certain of Plaintiff's medical issues, and Plaintiff's deposition testimony suggests that her worker's compensation case had been closed at one time, it is unclear how such evidence supports the affirmative defense of failure to mitigate.  New Mexico Uniform Civil Jury Instruction 13-1811 provides that "[i]n fixing the amount of money which will reasonably and fairly compensate plaintiff, you are to consider that an injured person must exercise ordinary care to minimize or lessen [her] damages.  Damages caused by [her] failure to exercise such care cannot be recovered."  NM UJI 13-1811.

Defendant does not articulate how the evidence that he submitted in response to Plaintiff's motion supports his claim that Plaintiff failed to exercise ordinary care to minimize her damages. Indeed, Plaintiff's deposition testimony may actually support the opposite conclusion – that is, that Plaintiff *did* seek medical treatment when she found it necessary, even requesting that her worker's compensation claim be reopened. In sum, the Court concludes that Defendant has failed to come forward with evidence to support his defense of failure to mitigate, and Plaintiff is therefore entitled to summary judgment on this second affirmative defense.

Finally, as to Defendant's third affirmative defense – that the accident was caused by unforeseen circumstances not within Defendant's control – Plaintiff once again asserts that there is no factual basis for this defense. In response, Defendant provides his December 4, 2013 answers to discovery in which he states that "Defendant denies any negligence. He ran the red light due to an unexpected medical episode. Defendant had no intent or foreseeability of running the light and hitting the bus." *Doc. 41*, Ex. D, at 2. Defendant also provides his January 15, 2014 answers to discovery in which he explains that he was diagnosed with diabetes in the fall of 1981, is insulin dependent, began using an insulin pump in January 2008, and was taken by ambulance to the hospital after the subject accident. *Doc. 41*, Ex. E, at 2.

Plaintiff contends that Defendant has not provided an adequate factual basis for this third affirmative defense because he has not produced any medical documents indicating that he had a sudden unforeseen medical event before the accident. *Doc. 44* at 5. Additionally, she contends that it is not clear whether Defendant is asserting a defense under the sudden emergency doctrine or the unavoidable accident doctrine,

which have been abolished in both New Mexico and Colorado.  *Id.* at 4.

Nevertheless, because Defendant has designated specific facts, in the form of his own verified discovery responses, to support his claim that he ran the red light and collided with the rental car shuttle carrying Plaintiff as the result of an unexpected medical episode, the Court finds that there is a genuine issue for trial as to this defense, and it declines to grant summary judgment to Plaintiff in this regard.  The Court will properly instruct the jury as to the law governing Defendant's defenses, including, if necessary, the doctrine of sudden emergency and unavoidable accident.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses is granted in part and denied in part.

**IT IS FURTHER ORDERED AS FOLLOWS:**

a) Summary judgment is granted in favor of Plaintiff with respect to Defendant's first affirmative defense, for comparative fault;

b) Summary judgment is granted in favor of Plaintiff with respect to Defendant's second affirmative defense, for failure to mitigate;

c) Summary judgment is denied with respect to Defendant's third affirmative defense, that the accident was caused by unforeseen circumstances not within Defendant's control.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE