IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI CRABTREE,

    Plaintiff,

v.                                                CIV 13-0411 KBM/RHS

JEFFREY MANTEL,

    Defendant.

# ORDER OVERRULING OBJECTION

**THIS MATTER** comes before the Court upon "Plaintiff's Rule 72a Objections to Order Re:  Defendant's Motion for Enlargement of Time Pursuant to Rule 6(b)" (*Doc. 60*), filed May 18, 2014.   Having reviewed the objection and the relevant authorities, the Court finds that no response brief is necessary and that Plaintiff's objection is overruled.

## I.  BACKGROUND

Plaintiff's objection arises out of an Order by the Honorable Robert Hayes Scott granting Defendant's Motion for Enlargement of Time Pursuant to Rule 6(b) (*Doc. 59*), entered May 8, 2014.  In the underlying motion for enlargement of time, Defendant sought additional time to designate an expert and to depose Plaintiff's timely-designated expert.  *Doc. 48*.  According to the affidavit submitted by Defendant's counsel, Plaintiff's properly-filed Notice of Expert "was either not received by the law office mailbox or was inadvertently deleted by the office and never put in the file."  *Id.* at 8.  Defense counsel explained that Defendant failed

to designate his own expert because he did not receive notice of Plaintiff's expert designation.  *Id.* at 9.  Defendant urged the Court to find excusable neglect under Federal Rule of Civil Procedure 6(b) and to allow him to designate an expert and to depose Plaintiff's expert outside of the respective deadlines.  *Id.* at 2.

Judge Scott, noting that the procedural history of the case and Defendant's failure to engage in discovery was "troubling," made findings suggesting egregious neglect by Defendant's counsel.  For instance, he found that Defendant failed to depose any of Plaintiff's witnesses or to engage in written discovery.  *Doc. 59* at 1.  He also questioned the forthrightness of Defense counsel in her explanation for failing to designate an expert witness, indicating that she did not "come out in a straight-forward manner and acknowledge that she failed to calendar the deadline for designation of experts but instead seems to attempt to cast doubt on the Court's CM/ECF system."  *Id.* at 1-2.  Explaining that it was inclined to deny Plaintiff's motion for enlargement of time based upon the conduct of Defense counsel, the Court nevertheless resisted such inclination in favor of alternative sanctions.  *Id.* at 2.  Judge Scott ordered Defendant to designate his expert by June 2, 2014, and to depose Plaintiff's expert within forty-five days thereafter.  *Id.*  Additionally, the Court ordered that Plaintiff's expert deposition be paid solely by Defendant and that Defendant also pay Plaintiff's counsel a reasonable attorney's fee of $750.00 for his attendance at the deposition.  *Id.*  Plaintiff asks this Court to set aside Judge Scott's order and to enter an order denying Defendant's Motion for Enlargement of Time.  *Doc. 60* at 9.

## II.  LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties to a magistrate judge's ruling on a non-dispositive matter and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  To overturn a magistrate judge's decision, the court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" because of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In determining whether "excusable neglect" exists, the Supreme Court has enumerated certain factors, including 1) the danger of prejudice; 2) the length of delay and potential impact on judicial proceedings; and 3) the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.  *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 395 (1993).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392.

### III.  ANALYSIS

Applying the relevant factors and considering the findings outlined by Judge Scott, this Court concludes that excusable neglect is a somewhat difficult finding to support, given that inadvertence does not typically constitute excusable neglect.  See *Pioneer Invest Servs. Co.*, 507 U.S. at 395.  Indeed, this Court would have likely denied Defendant's motion for enlargement of time upon consideration in the first instance.  However, Rule 72(a) does not provide for *de novo* review.  Instead, the applicable standard is whether the magistrate judge's decision was clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a).  Applying this more deferential standard, the Court cannot find that the granting of Defendant's motion was contrary to law or clearly erroneous.

In reaching this determination, the Court finds it significant that any prejudice to Plaintiff from Defendant's untimely expert designation has been tempered through monetary sanctions imposed by Judge Scott to compensate Plaintiff's counsel for his appearance at the deposition and by the Court's unrelated order vacating the June 16, 2014 jury trial.[1]  At the present time, no trial date is in place, and the Court can now take into consideration the need for additional expert depositions when settling upon a new trial date.  On the other hand, denying Defendant the opportunity to designate an expert witness would likely have severe consequences and render him unable to maintain a defense.

While the Court ultimately upholds Judge Scott's decision to grant Defendant's motion for enlargement of time, Defense counsel should be

---

[1] This Court vacated the jury trial set for June 16, 2014, (*Doc. 51*), after the pretrial deadlines were extended in such a manner that interfered with the trial date.  *Doc. 46* (extending deadline for the filing of pretrial motions until June 16, 2014).

admonished for her cavalier approach to discovery and case management in this matter.  Not only did she fail to monitor the filings in the case, to include Plaintiff's Notice of Expert, but she made no effort to depose Plaintiff's witnesses or to engage in written discovery.  Then, upon belatedly discovering that Plaintiff had properly designated an expert witness, whom she had failed to depose, she sought to place blame on either the Court's CM/ECF system or her "office."  Moreover, it also appears that she may have overstated or misrepresented the status of discovery to the Court, insisting that discovery was ongoing based upon a mutual agreement of the parties when it was, instead, closed for Defendant and only ongoing for Plaintiff because of orders resolving past discovery disputes.

The Court cautions Defense counsel that her conduct in this case does not bode well for her representation of her client's interests and causes the Court great concern.  Counsel would be well-advised to take a more proactive and diligent role in monitoring deadlines and discovery obligations.  Nevertheless, Judge Scott's decision to grant Defendant's motion was neither clearly erroneous nor contrary to law, and the sanctions imposed against Defendant were appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Order Granting Defendant's Motion for Enlargement of Time under Rule 6(b) (*Doc. 60*), is overruled.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE